Judge Rowan
delivered the opinion of the court.
This was an action on the ease, in which Oden sued Banks for the use of certain apartments and furniture, for meat, drink, lodging, stableage, &c. and obtained a verdict and judgment thereon for $¡1108 30, Errors were assigned in arrest of judgment, and overruled. A motion for a new trial was also made, and overruled; and exceptions to the opinion of the court taken in each instance.
The first error assigned in arrest of judgment was, that the declaration was defective in not alledging either that plaintiff was a tavern-keeper, or setting forth a special agreement between him and defendant, for the diet, rooms, furniture, &c.
The second error assigned was, that the trial was had coram non judice. This was founded upon the admitted fact, that the honorable Thomas Montgomery, who constituted the court, though duly commissioned a circuit judge, was not commissioned for the judicial district of which the circuit of Franklin was a part; but that the honorable Samuel M’Kee was duly commissioned judge for that district, and that the former presided, and held the March term of the Franklm circuit court, at the express written desire of the latter. *
The causes assigned for a new trial were — 1st, That, *547 the verdict of the jury was, in several particulars, unsupported by evidence — 2d. That the court erred in rejecting the evidence tending to shew the idle and dissolute habits of Charlton* — 3d. That the damages were excessive. The assignment of error by Banks, who appealed, questions the correctness of the opinion of the court below, upon all the foregoing points.
cessáry °tbat api’tfishould designate ihe m m(iaccrues u>him,provi-,nd in his fiducial char-?cter — ibut if cepticn shoutd^ be tat;mony,asnot supporting *e declara-¿rrors in ar-estof judg-
It is not required of an inn-keeper, in an action of this kind, that he shall alledge; either in the writ or declaration, that the debt accrued to him in that character. It is not necessary to the interest of the defendant, in any view in which it is involved in the case, or may be displayed in pieading, that it should be so alledged. The claim is either just or unjust, and may be resisted or admitted, as well without that description of the person of the plaintiff as with it. Notice is alike conveyed to the defendant of the amount eft he claim, and ofthe matters for which it is claimed, without it as with it. To convey this noetic, is the object of the law in requiring specification from the parties mutually, in the progress of pleading — and no reason can be perceived for requiring a description of the plaintiff in the writ or decía-ration, beyond that of his personal identity, when the claim is made in his mm right. When it is made in a fidu-cial character, the description of the person should consort with the rigid in which the claim is asserted; and in either case, such a description only of the person is exacted by the law, as will enable the defendant to meet and repel description which the plaintiff might give of himself, connected with the same matter, in a second suit therefor, But if such a description of the plaintiff’s person were necessary, in this kind of action, it is not believed that the absence of it could be reached by error assigned therefor in in arrest of judgment. It could not be reached even by demurrer — because it could not be known by an inspection of the declaration, in what right the plaintiff sued-^-whether in his individual, or in his right as inn-keper. He may sue in either, if it could not be taken advantage of on demurrer, still less could it by error in arrest of judgment; for, after verdict, courts will indulge every reasonable intendment in support thereof. Those intendments are not ex* tended to the case upon demurrer. It could only bé taken advantage of by objection to the evidence upon the trial of the cause, on the ground that there was an essential vari* *548 anee between the proof and the allegation; and the objec-thm ma<^e uPoa the trial is as beneficial to defendant as if it could have been made at any anterior stage of the case. Thus, if a man were to sue as executor, when the demand was of an individual sort, or in his individual right, when the demand was in right of his testator, you could not demur successfully, nor could you, after verdict, succeed on error in arrest of judgment — -both would be addressed to the declaration, and from that it never could appear that he did not expect to recover, or had not recovered, in the right in which he had declared. The objection could be made only at the trial, and there effectually, on the principle above stated, of the discordance between the proof and the alle-gallons.
Atavernkee-per should inore than ac-coding to the rates apúnt^court ■ ■'
if a jury ⅜-aw an in-warranted by law & sound reason, from the^courtwüi 'interfere- -
In connection with the subject of the foregoing observa-may he considered the matters embraced by the defendant’s motion for a new trial, and his exception to the of the court, in its refusal thereof. From the tes-thnony contained in this exception, it is strongly to be inferred, indeed almost resistlessly, that the demand of the plaintiff was in the nature of a tavern bill. Claiming as tavern-keeper, we think it clear that he could not recover more for any item than the price fixed thereon bv the county court pf Franklin, in their establishment of tavern-ratesr But we cannot know judicially that more has been charged or recovered for any item (ban is allowed by those rates. They were not produced upon the trial, or if they were, no ¡question was made on them — they are not in the record, or alluded to therein, had they been produced, the court, upon application, would,' no doubt, (as they ought) have instructed the jury to regard them as the standard of plaintiff’s claim; and had they exceeded the criterion in their finding, a new trial must have followed, unless plaintiff had remitted the excess. We are not therefore able to say tbgfc more has been charged for any item than the law allowed; while we have no hesitation in saying that any amount beyond that fixed in the ratps by the county court, is illegal, and could not be recovered. Nor are we able to say that t[le verdict was not sustained by the proof on the trial. The evidence, judging from its record aspect, conduced to prove the account. Upon the rate of charging, as well as upon the right to charge, in some instances, there was conflicting evidence. It was the province of the jury in such a case weigh the testimony and draw the proper inferences; we *549 say proper inferences, for where an inference is drawn by a jury from a fact, which the fact will not warrant, according to the rules of law, and just reasoning, the court will interfere and set aside the verdict, as they ought to have done in this case, had it not been for the testimony of Gray.
It is in cases of tori only that the court refuse to grant a new trial because of high damages, unless th^se damages are out rageous. In cases of contract i he rule is different.
There was no proof that Banks had engaged to Oden for either the diet or drink of Charleton; and it could not be legally or necessarily implied that he had so engaged, from the fact that he was his general or special agent, But the implied assent of Banks to that, as well as the other items of the account, with the exception of the item for stable-age, as proved by Gray, might, and w’hen connected with the other proofs of his beneficence to the young man, (we. think) authorise the jury to infer such an engagement on his part.
The statement that the judge volunteered, in rejecting the countervailing testimony of Banks, as to his assumption of Charleton’s account, is not only, not verified, but refuted by the record. The record evinces that the judge expressed his opinion of its irrelevancy and impertinence, and yet permitted it to be persisetd in by defendant throughout the trial.
A judge should, either permit or reject testimony, as it might rightly be admitted, or rejected upon the rules, and usages of the law. He should not disparage testimony and then admit it,‘ and in a case where testimony essential to the rights of either party, and’ legitimately admissable had in its passage to the jury, been disparaged by the judge, this court would think it their duty to relieve. Such a case it is hoped will never, or rarely occur. The present is not believed to be a case of that description, for the testimony thus singularly commented on by the judge, related to the idle habits of Charleton, and to particular instance’s ftf the irregularity, and intemperance of that young man, which were foreign from the issue, and ought to have been rejected.
While we reject the doctrine urged by the appellees counsel,; “that a new trial cannot be granted in this description of case, on the ground of excessive damages, unless yhey are outrageously excessive,” we are unable to say that the damages in this case are-excessive. The balance claimed on the account exceeds the amount of the verdict.
It is in cases of tort only, where ■opinion is necessarily the 'criterion of the jury’s finding that the doctrine above re- *550 cifeií applies: buf in cases of contract, when the transaction affords a just criterion of damages, they cannot justly exceed that criterion, and a verdict exceeding it, ought to be set aside, unless the excess be remitted.
There ⅛ no *⅛-¶1 ’otf'e exchanging their circuits
®ut i* *s alledgecl that the trial was coram non judice. This point ivas atgued extensively, and with much ingenuity, but we think, with more speciousness, than solidity. There was a waste of intellect upon an erroneous assumption of fact. An inspection of the commission of a circuit judge, would have convinced the counsel of bis error. The judge is not commissioned for the district, but for the state. So were the commissions of the district judges, and such was their jurisdiction, and such is the jurisdiction of the circuit judges; both the former, and the latter, when constituting the general court, have jurisdiction throughout the state, between citizens thereof, and ¡nail fiscal matters; and between non-residents, and citizens, in many other matters, they were, and are, conservators of the peace throughout the state; and at this time, a single circuit judge can hold the general cqurt, and exercise the jurisdiction of that court in plenitude. The executive and senate, can appoint and commission the judge, the legislature can regulate, define, limit, and extend his jurisdiction, when appointed, at pleasure, as well in relation to the subject matter thereof, as to the time and manner of exercising it; a judge cannot be at two places at the same time, nor can he try two causes at once. The legislature can determine the order of succession, as well as to the places in which he shall try the causes, as, to the time in which he shall try them. This they may do directly or sub modo. As to the court of appeals they have legislated directly, and fixed its sessions at Frankfort. They have districted, by direct legislation, the judges of the subordinate courts: But they have permitted the judges thereof to interchange places, and alternate services, as they may choose, provided that choice, be displayed according to legislative requisition." That, we think, has been done in the case of the judge who presided in the Franklin circuit. The district judges allotted among themselves (when they met at the general court) the districts in which they should respectively preside, during the succeeding year. Their successors, the circuit judges, did the like for several years. The legislature then made the allotment for them: and afterwards- allowed any two of them to interchange-location-s,
Littell for appellant, Hardin for appellee.
JThe judge, therefore, who presided at the trial of this Cause, in the Franklin circuit, by arrangement with the judge allotted by the legislature to that circuit, was not, as he was ludicrously represented, uthe deputy” of that judge; but the judge of the state within that circuit, pro hoc vice, pursuant to legislative provision.
While this court would feel it their duty to pronounce any act of the legislature void, which was manifestly in confiiction with the constitution; they feel a strong disinclination to encroach upon the province of the legislature, by attempting to narrow its sphere of action, or thwart its ivill: they cannot do it by construction or intendment.
The confiiction of the law with the constitution must be obvious and palpable, to induce them to make such declaration.
Judgment must be affirmed with costs and damages,

Cbarlttm was a yotm£ man, whom Banks palrorrisett,